**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Brent Chandler, | No. CV-24-03404-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending petitioner Jamie Brent Chandler's petition for writ of habeas corpus be denied. (Doc. 32.) Chandler filed objections (Doc. 33), to which respondents filed responses. (Doc. 36.) After reviewing de novo the portions of the R&R involving timeliness, it is adopted.

## BACKGROUND

The R&R provides a detailed factual background but the most crucial events for present purposes are the following. After a jury trial, Chandler was convicted of four counts of sexual conduct with a minor. (Doc. 28-1 at 8.) The four crimes occurred between 5/1/2001 and 8/31/2003. (Doc. 28-1 at 9.) On July 16, 2015, Chandler was sentenced to four consecutive life sentences. (Doc. 28-1 at 9-10.) Chandler filed a notice of appeal but, on June 21, 2016, the court of appeals affirmed his convictions. (Doc. 28-1 at 100.) Chandler did not file a petition for review with the Arizona Supreme Court.

On August 17, 2016, Chandler filed a notice of post-conviction relief in state court.

(Doc. 30 at 4.) After his lawyer found no colorable grounds to pursue, Chandler filed a pro se petition. (Doc. 28-1 at 128, 131.) The trial court denied that petition on May 17, 2017. (Doc. 28-1 at 156.) Chandler did not seek further relief regarding that petition, and instead filed a second petition for post-conviction relief in early February 2018. (Doc. 28-1 at 159.) The trial court denied that petition based in part on it being untimely. (Doc. 28-1 at 165.) In November 2024, Chandler filed a third petition that was again deemed untimely. (Doc. 28-1 at 167; Doc. 10 at 9.) On December 3, 2024, Chandler filed his federal habeas corpus petition. (Doc. 1.) In sum, Chandler's direct appeal ended in 2016 and his first post-conviction proceeding ended in 2017, but he did not file his federal petition until 2024.

Based on these facts, the R&R concludes the petition is untimely "by more than six years unless equitable tolling and/or the actual innocence gateway applies." (Doc. 32 at 13.) Chandler does not object to that conclusion, and it is adopted. The R&R then analyzes Chandler's circumstances and finds no basis for equitable tolling and that Chandlers cannot satisfy the actual innocence gateway. Chandler objects, arguing his petition is timely under either theory.

## ANALYSIS

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* But "[o]nly objections that reference specific portions of the report and recommendation will trigger de novo review—general or conclusory objections do not suffice." *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017). The court is not required to review those portions to which no proper objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]e novo review of factual and legal issues is required if objections are made, but not otherwise.") (simplified) And even when a specific objection is made, the court must conduct a de novo review but need not "provide individualized analysis of each objection." *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023).

- 2 -

## I.     Equitable Tolling

To establish equitable tolling, Chandler "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (simplified). The first element requires Chandler show he was pursuing his rights diligently both "before and after" the extraordinary circumstances existed. *Id.* at 599. And when evaluating the second element, the court must look to "all the circumstances of the case before it." *Id.* at 600.

Chandler's objections point to the "difficulties he had to face acquiring the Bankruptcy Records" that he believes support his claims for relief. (Doc. 33 at 7.) Chandler also claims he has been proceeding pro se and he had "no understanding of the Federal Rules," and references restrictive housing that made it harder to review legal resources. (Doc. 33 at 4-5.) And he argues *Martinez v. Ryan*, 566 U.S. 1 (2012) established the lack of assistance from counsel qualifies as an extraordinary circumstance. The R&R analyzed and correctly rejected these arguments.

Chandler's difficulties obtaining the "Bankruptcy Records" are not sufficient to establish equitable tolling. Even accepting it took time for him to obtain the records, Chandler has not established he was diligent for the entire period after his first post-conviction relief petition was denied in 2017 and he filed his federal petition in 2024. Without evidence of diligence for that entire period, equitable tolling is not applicable. Beyond a lack of diligence, Chandler's lack of understanding of the legal system does not qualify as an extraordinary circumstances. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (limitations on access to legal resources due to restrictive housing are not extraordinary circumstances). And the R&R correctly explained "federal courts have consistently rejected the argument that *Martinez*" is a basis for equitable tolling. (Doc. 32 at 17 (citing cases).) Even viewed together, Chandler's difficulties in obtaining the

"Bankruptcy Records," his lack of legal sophistication, and *Martinez v. Ryan*, do not provide a basis to allow equitable tolling.

## II.    Actual Innocence

Chandler also objects to the R&R's conclusion that he cannot take advantage of the "actual innocence gateway" to render his claims timely. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas are rare." *Id.* To take advantage of the gateway, Chandler "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (simplified). According to Chandler, he has new evidence that "calls into question the sufficiency of the evidence presented to the jury." (Doc. 33 at 9.) Chandler believes that evidence "proves that both 2001 and 2002 were impossible and therefore no crime could ever have occurred." (Doc. 33 at 9.)

Chandler's new evidence consists of "Federal Bankruptcy Records" from a bankruptcy filing in 2001. (Doc. 31 at 15.) The R&R explains these records "are not exculpatory evidence establishing actual evidence nor are they new." (Doc. 32 at 19.) In his objections, Chandler seems to argue the magistrate judge erred because the bankruptcy records cast doubt on where Chandler was living in 2001. (Doc. 33 at 10.) That is not enough.

To take advantage of the actual innocence gateway Chandler would need to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Even assuming the bankruptcy court records cast some doubt on certain evidence at trial, they do not "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. There was other evidence—including testimony from the victim—that a reasonable jury could have believed to conclude the charged crimes occurred in Arizona within the charged timeframe. *State v. Chandler*, No. 1 CA–CR 15–0520, 2016 WL 3456432, at *1 (Ariz. Ct. App. June 21, 2016). The R&R's conclusion regarding the actual innocence gateway is

adopted.

### III.    Additional Grounds

The R&R also analyzes Chandler's claims and concludes they are procedurally defaulted. (Doc. 32 at 20-31.) Chandler objects to some of that analysis, although the bases for his objections are not clear. Because Chandler's claims are time-barred, there is no need to address whether they are also procedurally defaulted. *See Blackman v. Cisneros*, 122 F.4th 377, 381 (9th Cir. 2024) ("The timeliness of a claim . . . is a threshold question that must be decided before reaching the merits.").

**IT IS ORDERED** the Report and Recommendation (Doc. 32) is **ADOPTED** to the extent the amended petition for writ of habeas corpus is barred by the statute of limitations. The amended petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

Dated this 8th day of April, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 5 -